IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP R. SHAWE and SHIRLEY SHAWE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 17-277-GMS |
| ROBERT B. PINCUS, ESQ., in his official capacity as court-appointed custodian, and JEFFREY W. BULLOCK, in his official capacity as Secretary of State for the State of Delaware, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of October, 2017, having reviewed the Plaintiffs' motion for a stay pending appeal and papers submitted in connection therewith (D.I. 38, D.I. 39, D.I. 41), the court issues its decision as follows:

1. **Background.** The Delaware Court of Chancery has ordered the sale of TransPerfect Global, Inc. over the objections of Plaintiffs Philip R. Shawe and Shirley Shawe. (D.I. 34 at 1). Plaintiffs are two of the three stockholders of TransPerfect. (*Id.*). On appeal, the Delaware Supreme Court affirmed the Chancery Court's order and found that Plaintiffs waived any arguments that the sale violated their constitutional rights. (*Id.* at 4). A few weeks later, Plaintiffs filed a complaint in this court raising the same constitutional arguments deemed waived by the Delaware Supreme Court. (*Id.*). Plaintiffs also asked the court to enjoin the Defendants from carrying out their duties related to the sale. (*Id.* at 1). Defendant Robert B. Pincus is the custodian appointed by the Chancery Court to oversee the sale, and Defendant Jeffrey W. Bullock may be

statutorily required to take certain administrative actions to effectuate the sale, if it is in the form of a merger or consolidation. (*Id.*).

2. On September 26, 2017, the court granted Defendants' motions to dismiss Plaintiffs' complaint based on the *Rooker-Feldman* doctrine. (D.I. 34, D.I. 35). The *Rooker-Feldman* doctrine upholds the legal principle that federal district courts do not have subject matter jurisdiction over cases that are "essentially appeals from state-court judgments." (D.I. 34 at 4-5). Plaintiffs' complaint was dismissed with prejudice, and the case was closed. (D.I. 35). Plaintiffs have appealed the court's decision to the Third Circuit Court of Appeals and moved for a stay pending the appeal. (D.I. 36, D.I. 38).

3. **Discussion.** As Plaintiffs admit, "the nature of the relief requested [in the motion] is unusual." (D.I. 39 at 3). "[A] stay operates upon the judicial proceeding itself ... either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428 (2009). By contrast, an injunction "is directed at someone, and governs that party's conduct." *Id.* The relief Plaintiffs have requested is an injunction, not a stay. There is no judicial proceeding before the court to halt or postpone. Instead, Plaintiffs' motion asks the court to prohibit individuals and entities from closing any sale of TransPerfect until the Third Circuit can decide the issues on appeal. (D.I. 39). This is not a proper exercise of the court's authority within the context of a motion to stay.

4. Accordingly, it is HEREBY ORDERED that Plaintiffs' Motion to Stay Pending Appeal (D.I. 38) is **DENIED**.

UNITED STATES DISTRICT JUDGE